1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

10
11
12
13
14
15
16
17
18
19
20
21

CARMELA PILAR LABORICO,       )     Case No. CV 13-02679 (SH)
                              )
              Plaintiff,      )     MEMORANDUM DECISION
                              )     AND ORDER
       v.                     )
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social Security, )
                              )
              Defendant.      )
_____)

22
23
24
25
26
27
28

       This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Memorandum in Support of Complaint ["Plaintiff's Brief"]; Defendant's Cross-Motion for Summary

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Judgment and Supporting Memorandum and Opposition to Plaintiff's Motion for Summary Judgment ["Defendant's Brief"]; Plaintiff's Reply); and the defendant has filed the certified transcript of record.  After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

On February 29, 2008, plaintiff Carmela Pilar Laborico filed an application for a period of disability or Disability Insurance Benefits, alleging an inability to work since February 10, 2004.  (See 2 Administrative Record ["AR"] 618-19).  On July 6, 2010 (following a hearing on January 13, 2010, see 2 AR 410-57), an Administrative Law Judge issued a decision finding that plaintiff was not disable within the meaning of the Social Security Act.  (See 1 AR 76-83).

On March 1, 2011, plaintiff filed an application for Supplemental Security Income, alleging an inability to work since February 10, 2004 (subsequently amended to January 30, 2010).  (See 1 AR 155-65).

On May 4, 2012, the Appeals Council granted plaintiff's request for a review of the hearing decision on plaintiff's application for a period of disability and Disability Insurance Benefits, vacated the hearing decision, and remanded the case in order for the Administrative Law Judge to do the following: update the record with any outstanding medical evidence relative to the period through December 31, 2009 (including an x-ray of plaintiff's knee dated February 5, 2010); if necessary, obtain evidence from a medical expert to clarify the nature and severity of the impairments established through plaintiff's date last insured; give further consideration to the severity of the impairments established in the expanded record (including an evaluation of obesity); give further consideration to plaintiff's maximum residual functional capacity; and, if warranted, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on plaintiff's occupational base.  The Appeals Council also ordered the Administrative Law Judge to consider whether plaintiff's claim for Supplemental Security Income should be

consolidated with plaintiff's claim for a period of disability and Disability Insurance Benefits.  (<u>See</u> 1 AR 95-97).

      On July 31, 2013 (following supplemental hearings on Mary 7 and 19, 2013, <u>see</u> 1 AR 20-48, 51-72), the ALJ issued a decision on plaintiff's application for Supplemental Security Income.  The ALJ determined that plaintiff had a severe impairment, when considered in combination: "moderate osteoarthritis of the knee, left greater than right, since 2005; chronic mild low back pain due to degenerative disc disease; a history of bilateral carpal tunnel syndrome states post surgeries in 2003, now aggravated due to diabetic neuropathy; and a history of hamstring tear -- and found that plaintiff was disabled since March 1, 2011, the date the application was filed.  (<u>See</u> 1 AR 11-16).

On the same date, the ALJ issued a separate decision on plaintiff's application for a period of disability and Disability Insurance Benefits.  The ALJ determined that through the date last insured (December 31, 2009), plaintiff had a severe impairment, when considered in combination -- "low back pain with magnetic resonance imaging scan evidence of extrusions at L5-S1 and a severe 8-millimeter extrusion at the level of L4-L5 accounting for right radiculopathy; a moderate sized Baker's cyst, choncromalacia, and mediscal degeneration of the knees; hypertension under poor control; and diabetes mellitus without any evidence of associated end organ damage -- but found that from the alleged onset date (February 10, 2004) and the date last insured (December 31, 2009) plaintiff was not disabled within the meaning of the Social Security Act.  (<u>See</u> 2 AR 472-81).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (<u>see</u> 2 AR 459-62), plaintiff filed this action in this Court.

Plaintiff makes three challenges to the ALJ's Decisions.  Plaintiff alleges that the ALJ erred in (1) failing to articulate specific and legitimate reasons for rejecting the opinions of Dr. Constantz, plaintiff's treating physician; (2) failing to articulate specific and legitimate reasons for rejecting the opinions of Dr. Mykita, plaintiff's treating

physician; and (3) finding, respect to plaintiff's application for Supplemental Security Income, that the onset date of plaintiff's disability was March 1, 2011.

## DISCUSSION

### ISSUES NO. 1 and 2:

Plaintiff asserts that the ALJ failed to give specific and legitimate reasons for rejecting the opinion of Dr. Contantz, plaintiff's treating physician.  Defendant asserts that, although the ALJ erred in rejecting the opinion of Dr. Constantz, the ALJ's error was harmless.

Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability.  Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  20 C.F.R. § 416.927(b)-(d).  If the treating doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the treating physician's opinion.  Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995)(as amended); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

In a form entitled "Physician Questionnaire for Social Security Disability Claim" dated July 6, 2010, Dr.  Elaine Constantz stated that plaintiff had received treatment at her facility since at least 1998, that plaintiff had received treatment at her facility approximately every two months, and that plaintiff last received treatment at her facility on July 6, 2010.  After noting plaintiff's impairments (i.e., left and right knees; chronic low back pain), Dr. Constantz stated that plaintiff had the following limitations:   plaintiff can stand and/or walk for up to 5 minutes without interruption; plaintiff can stand and/or

walk for a total of 30 minutes during an 8-hour day; plaintiff can sit 15 to 30 minutes without interruption; plaintiff can sit a total of 30 minutes during an 8-hour day; plaintiff can lift 5 pounds frequently (up to 2/3 of an 8-hour day) and 5 to 10 pounds occasionally (up to 1/3 of an 8-hour day); plaintiff cannot bend; and plaintiff needs to rest for approximately 15 minutes for every 10 minutes of activity.  (See 3 AR 1510-15).[1]

The ALJ rejected the opinion of Dr. Constantz on the ground that "the record establishes that the claimant did not begin treatment with that physician until subsequent to the claimant's date last insured." (See 1 AR 480).

As defendant concedes (see Defendant's Brief at 6), the ALJ's reason for rejecting Dr. Constantz' opinion was erroneous, because plaintiff began treatment with Dr. Constantz prior to December 31, 2009, plaintiff's date last insured.  (See e.g., 3 AR 1118, 1120-21, 1125, 1136, 1153, 1220, 1452-54).

The Court is unable to find that the ALJ's error was harmless.  See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008)(stating that an ALJ's error is harmless "when it is clear from the record . . . that it was 'inconsequential to the ultimate nondisability determination.'"); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)("A decision of the ALJ will not be reversed for errors that are harmless.").  Contrary to defendant's assertion (see Defendant's Brief at 6-8), the reasons the ALJ gave for rejecting the more restrictive opinion of Dr. Gayle Mykita,[2] plaintiff's treating physician

---

[1]     A Residual Functional Capacity ("RFC") is what a claimant can still do despite existing exertional and nonexertional limitations.  See 20 C.F.R. § 404.1545(a)(1).
        The ALJ found that plaintiff had the RFC to perform light work, except that she can lift/carry up to 20 pounds occasionally and 10 pounds frequently, she can stand or walk for up to 6 hours in an 8-hour workday; she can sit for up to 6 hours in an 8-hour workday; she cannot climb ladders, ropes, scaffolds, ramps, or stairs or work on uneven terrain, she cannot twist at the waist, she cannot do more than occasional other postural activities; and she cannot be exposed to moving machinery and heights.  (See 2 AR 478).

[2]     In a form entitled "Physician Questionnaire for Social Security Disaiblity Claim" dated October 5, 2009, Dr. Mykita stated that plaintiff had the following limitations: plaintiff can stand and/or walk for up to 5 minutes without interruption;

(continued...)

1
2
3
4
5
6

who was employed at the same facility as Dr. Constantz (see Plaintiff's Brief at 6 n.1) -- namely, that Dr. Mykita's opinion was "unsupported by corresponding progress treating notes but also internally inconsistent" (see 2 AR 480) -- do not necessarily apply to Dr. Constantz' opinion.   Moreover the error may have led to a mis-analysis of Dr. Mykita's opinion.

7
8

**ISSUE NO. 3:**

9
10
11
12

Plaintiff asserts that the ALJ erred in determining that, with respect to plaintiff's application for Supplemental Security Income, plaintiff was disabled as of March 1, 2011 (the date of plaintiff's application).  Defendant asserts that substantial evidence supports the ALJ's determination about the March 1, 2011 onset date.

13
14

In the July 31, 2013 separate decision concerning plaintiff's application for Supplemental Security Income, the ALJ stated:

15
16
17
18
19
20
21
22

> After careful review of the entire record, I find that the claimant was disabled as of March 1, 2011, the date that the application for supplemental security income was filed, and that the claimant's disability has continued through the date of this decision. [¶] Although the claimant has alleged an earlier onset date of February 10, 2004, supplemental security income does not become payable until the month after the month in which the application is filed, assuming all eligibility requirements are met (20 CFR 416.335).  (See 1 AR12; see also 1 AR 16).

23
24
25
26
27
28

---

[2] (...continued)
plaintiff can stand and/or walk for a total of 30 minutes during an 8-hour day; plaintiff can sit 15 to 30 minutes without interruption; plaintiff can sit a total of 30 minutes during an 8-hour day; plaintiff can lift 5 pounds frequently (up to 2/3 of an 8-hour day) and 1-2 pounds occasionally (up to 1/3 of an 8-hour day); plaintiff cannot bend; and plaintiff needs to rest for approximately 15 minutes for every 10 minutes of activity.  (See 3 AR 1111-16).

As to SSI, the ALJ properly relied on the filing date of the application to determine the disability onset date of March 1, 2011.  However as to DIB,  since the ALJ did not reach the issue of an onset date based on the medical records and there is ambiguity in the record as to when the onset of disability began, and since none of the interrogatories propounded to the medical expert concerned the onset date of disability (see AR 1526-33), the ALJ will need to determine plaintiff's  onset date of disability if plaintiff is found disabled as to DIB.  See Swanson v. Secretary of Health and Human Services, 763 F.2d 1061, 1065 (9th Cir. 1985).  The ALJ may need to call a medical expert to testify about the onset date.  See   SSR 83-20; Armstrong v. Commissioner, 160 F.3d 587, 589-90 (9th Cir. 2001)("If the 'medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination.'").

## ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED:  February 9, 2015

_____
       STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE